UNITED STATES v. BREYMANN et al.

(District Court, D. Massachusetts. October 26, 1915.)

No. 427.

1. UNITED STATES ⟨⟩67—CONTRACTORS' BONDS—LIABILITY.
   A dredging contract with the United States required the contractor to dredge to a depth of 35 feet, entitled him to be paid for material dredged to a depth of 36 feet, provided that for material taken from below that depth he should not be paid, and specified the manner of making deductions for dredging below that depth, but did not forbid dredging below such depth. It expressly gave the United States the right to recover from the contractor in certain cases, but contained no such provision in regard to possible overpayments. *Held*, that neither overdredging nor a failure to repay payments made by mistake for dredging done below a depth of 36 feet constituted a breach of the contract, within a bond conditioned for the performance by the contractor of all covenants, conditions, and agreements agreed to be performed by him, and while the United States might have a claim against the contractor in the nature of an action for money had and received, it had no cause of action on the bond.

   [Ed. Note.—For other cases, see United States, Cent. Dig. § 50; Dec. Dig. ⟨⟩67.]

2. UNITED STATES ⟨⟩67—CONTRACTOR'S BONDS—LIABILITY.
   Sums expended by the United States for inspection and supervision, after the time when by the terms of a contract the contractor was to have

---

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

completed the work, were caused by the contractor's breach of the contract, and were recoverable on a bond conditioned for performance of the contract by the contractor.

[Ed. Note.—For other cases, see United States, Cent. Dig. § 50; Dec. Dig. 67.]

3. BONDS 124—ACTIONS—DECLARATION—REQUISITES AND SUFFICIENCY.

Rev. Laws Mass. c. 173, § 6, cl. 11, provides relative to declarations that the condition of a bond or other conditional obligation, contract, or grant declared on shall be set forth, that the breaches relied on shall be assigned, and that the performance of conditions precedent to the right of the plaintiff to maintain his action shall be averred, or that his reason for nonperformance thereof shall be stated. *Held* that, in an action on a bond, the breaches relied upon should have been assigned and so separated that it would be possible to make a proper order upon a demurrer as to each.

[Ed. Note.—For other cases, see Bonds, Cent. Dig. §§ 98, 157–179; Dec. Dig. 124.]

Action on bond by the United States against George H. Breymann and others. On demurrer to the declaration. Demurrer sustained.

Edward E. Blodgett, of Boston, Mass., for defendant Breymann.
Charles F. Choate, Jr., of Boston, Mass., for defendants Shaw and Wilcox.

MORTON, District Judge. [1] This is an action by the United States upon a bond made by the defendants to it, conditioned, so far as it is now material, to secure the performance by Breymann of "all and singular the covenants, conditions and agreements in and by said contract agreed and covenanted by said George H. Breymann to be observed and performed according to the true intent and meaning of the said contract." The defendants have demurred, and the question is whether the declaration states a cause of action on the bond.

The contract referred to was for dredging in Boston Harbor; and the work under it extended over a period of seven years. Until one-half the work was completed, Breymann was paid each month for only 90 per cent. of the work done during the preceding month, the United States reserving 10 per cent. against the final completion of the contract. (Specifications, clause 30.) After such completion, a final inspection and survey was made, and it was discovered, according to the allegations of the declaration, that Breymann had over-dredged to a very large amount and—construing the declaration according to the plaintiff's contention—had been paid for such over-dredging. By the terms of the contract overdredging was not to be paid for. The payments made to Breymann for it largely exceeded the amount reserved by the United States; and he was called upon to repay such a sum as, with the reserved amount, would equal the payments which had been made to him for overdredging. Upon his refusal to do so, this action was brought upon the bond.

As the obligation under the bond is, in substance, that Breymann should perform his contract, the plaintiff must establish that Breymann's refusal to refund overpayments was a breach of the contract.

For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

That the United States may have a claim against him in the nature of an action for money had and received to recover payments made by it under a mistake of fact is not sufficient to entitle it to maintain action upon the bond. There is no clause in the contract by which Breymann expressly agreed to repay overpayments, or to repay such sum, if any, as might be found due from him upon the final accounting under the contract, which, upon this point, says only:

"Deductions for dredging to a depth in excess of thirty-six (36) feet except as provided in paragraph 38, will be made at the rate of 1.2 cubic yards as measured in scows for every cubic yard estimated in situ from survey after dredging."

No fraud or misconduct on Breymann's part in obtaining overpayments is alleged. Indeed, it is not charged that Breymann knew he was receiving money to which he was not entitled, nor is it stated that, in order to obtain the payments, Breymann made any assertion or representation that the material for which he was being paid had been taken from above the 36-foot line.

The contentions on the part of the United States are: (1) That Breymann had no right to go below 36 feet and broke the contract by doing so, that the overpayments were a natural result of that breach, and that the defendants, sureties on his bond, are therefore liable under it for the overpayments, as damages sustained by the United States through Breymann's breach of contract; and (2) that the right of the United States to deduct for overdredging expressly given in the contract implies an actual agreement by the contractor to repay sums received by him for overdredging.

Disregarding its provisions as to ledges, which do not figure in this controversy, the contract obliged Breymann to dredge to a depth of 35 feet, entitled him to be paid for material dredged to a depth of 36 feet, and provided that for material taken from below that depth he should not be paid. There is no clause forbidding Breymann from dredging below 36 feet; and I do not think that any such prohibition can fairly be read into the contract. The overdredging did not, therefore, constitute a breach of the contract, and the contention based upon that assumption fails.

The contract itself was drawn by the United States; it is exact and stringent in its provisions. It expressly gave the United States "the right to recover from the" contractor in certain events. (Contract, clause 4.) The absence of such a provision in reference to possible overpayments is not without significance. The plaintiff had inspectors on the work. (Spec. Cl. 49.) It could, before making payment, have determined whether there had been overdredging. It did not do so, supposing, no doubt, that the reserved sums would be sufficient to meet any deductions on that account. It is one thing to guarantee performance of a contract by a contractor; it is quite a different thing to guarantee that he will refund money paid to him by mistake, years after the receipt of such money and the completion of the work. I do not think that the right to deduct reserved in the contract can, as against sureties on the bond to secure performance of the contract, fairly be enlarged into an agreement by the contractor to repay. His

failure to do so did not, therefore, constitute a breach either of his contract or of the bond.

[2] The declaration also seeks to recover sums expended by the United States for inspection and supervision after the time when, by the terms of the contract, Breymann was to have completed the work. Such expenses were caused by the contractor's breach of the contract. So far as the declaration seeks to recover them, the defendants concede that it is not demurrable.

[3] The declaration is informal, in that the alleged breaches of the bond are not assigned (Rev. Laws Mass. c. 173, § 6, cl. 11); and this informality is one of the grounds of demurrer. The breaches relied upon should be assigned and so separated that it will be possible to make a proper order upon the demurrer as to each. The present order will therefore be:

Demurrer sustained, with leave to the plaintiff to amend for the purpose of assigning breaches of the bond, and so separating the claims made in the declaration that a proper order as to each can be made on the demurrer.